UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:14-cv-06539-UA-(AGR) | Date | September 29, 2015 |
|---|---|---|---|
| Title | DONALD B. WILLIAMS V. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION TO DISQUALIFY JUDGE GEORGE H. KING (dkt. 21, filed September 21, 2015)

## I. INTRODUCTION

On September 21, 2015, pro se plaintiff Donald B. Williams filed the instant "Motion to: Recuse Judge George H. King as Judge from Case due to: Personal Bias and Personal Knowledge of Defendants and Disputed Facts in Case." Dkt. 21. Plaintiff brings the instant motion on the basis that Judge King "is impartial and bias[ed] in this matter." Motion at 1. The Court construes plaintiff's motion as arising under 28 U.S.C. §§ 144 and 455. Pursuant to General Order 14-03 and Local Rule 72-5, this motion was referred to the undersigned on September 25, 2015.

## II. LEGAL STANDARD

28 U.S.C. § 144 ("Section 144") provides for disqualification of a judge whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Under 28 U.S.C. § 455 ("Section 455"), judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Id. § 455(a).

The substantive standard for disqualification is the same under both Sections 144 and 455: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Moreover, the alleged bias cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-06539-UA-(AGR) | Date | September 29, 2015 |
|---|---|---|---|
| Title | DONALD B. WILLIAMS V. UNITED STATES OF AMERICA, ET AL. | | |

result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.'" United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997) (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

### III.   DISCUSSION

In his one-page affidavit, plaintiff makes various assertions in support of his contention that Judge King is impartial and must be disqualified from the instant matter. See Affidavit of Donald B. Williams ("Affidavit"). Ultimately, however, plaintiff fails to sufficiently set forth facts that would lead a reasonable person to conclude that Judge King's impartiality might reasonably be questioned. For example, plaintiff states that on July 8, 2015, Judge King "dismissed the instant case 'without' legal notice" and, more generally, has "consistently found ways" to "[r]ule in [e]rror" against plaintiff in the instant matter. Id. at 1. However, plaintiff does not offer any details about Judge King's prior orders or any basis for Judge King's alleged bias or prejudice with respect to these orders, other than plaintiff's apparent disagreement with the rulings. Regardless, plaintiff's disagreement with Judge King's prior rulings is not a proper basis for disqualification. United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978) ("Adverse rulings do not constitute the requisite bias or prejudice of [28 U.S.C. § 144].") (citing Berger v. United States, 255 U.S. 22, 34 (1921)). Any "alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939.

Plaintiff also avers in his affidavit that he "learned that Judge King is personally involved with both defendants as Share Holders [sic] of Stock in Chase, N.C. which is a 'possible' future defendant" in the instant matter. Affidavit at 1. Under Section 455, a judge "shall . . . disqualify himself [where] [h]e knows that he . . . has a financial interest in the subject matter in controversy," with "financial interest" including "ownership of a legal or equitable interest, however small." 28 U.S.C. § 455(b)(4), (d)(4). However, "Chase, N.C."—whose stock Judge King allegedly owns, according to plaintiff—is not a party to this lawsuit or otherwise mentioned in plaintiff's complaint. Plaintiff's motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-06539-UA-(AGR) | Date | September 29, 2015 |
|---|---|---|---|
| Title | DONALD B. WILLIAMS V. UNITED STATES OF AMERICA, ET AL. | | |

also fails to explain how "Chase, N.C." could ever become party to the instant suit, which involves allegations that defendants Andrew Guilford, a U.S. District Judge, and Patrick J. Walsh, a U.S. Magistrate Judge, "illegally maintain[ed] an Unconstitutional Conviction through their . . . criminal conspiracy(s) [sic] and criminal collusion(s) by conspiring . . . to obstruct justice, maintain[] a malicious and false conviction[], false imprisonment, and violation of the plaintiff's Civil Rights."  Complaint ¶ 13 (Dkt. 1). Thus, even accepting plaintiff's assertion regarding Judge King's stock ownership as true, it is unclear how such ownership would lead a reasonable person to conclude that Judge King's impartiality with respect to the instant litigation might reasonably be questioned.

Lastly, plaintiff asserts, based "[u]pon information and belief," that on August 5, 2015, Judge King "personally discussed the instant case" with defendants.  Affidavit at 1. Under Section 144, plaintiff's "affidavit must be 'sufficient,' and 'shall state the facts and the reasons for the belief that bias or prejudice exists.'"  Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968) (quoting 28 U.S.C. § 144).  Plaintiff's assertion regarding Judge King's alleged discussion with defendants "is too vague to meet the sufficiency requirement of Section 144," Studley, 783 F.2d at 939, and fails to "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Berger, 255 U.S. at 33-34; see also United States v. Silba, 624 F.2d 864, 868 (9th Cir.1980) (The affidavit alleging bias must "specifically allege facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extra judicial source.")  Accordingly, plaintiff has failed to demonstrate that Judge King should be disqualified.

### IV.  CONCLUSION

In accordance with the foregoing, plaintiff's motion to disqualify Judge King is **DENIED**.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |